## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Pyramid Logistics, Inc.
*doing business as*
Reynolds Logistics,

        Plaintiff,

v.

Top Flight Delivery, Inc.,

        Defendant.

Case No. 24-cv-01843 (ECT/ECW)

**REPORT AND RECOMMENDATION**

---

Plaintiff Pyramid Logistics, Inc. ("Plaintiff") filed a Complaint for breach of contract and negligence against Defendants Top Flight Delivery, Inc. ("Top Flight") and Dynamic Lifecycle Innovations Inc. ("Dynamic") on May 17, 2024. (*See* Dkt. 1.) On September 9, 2024, Plaintiff filed a Notice of Voluntary Dismissal as to Dynamic. (Dkt. 6.) Top Flight is the sole remaining Defendant.

On October 28, 2024, the Court issued an Order noting that more than 90 days had passed since Plaintiff filed its Complaint, Top Flight had not entered an appearance, and Plaintiff had taken no further action in this case with respect to Top Flight. (Dkt. 7.) The October 28, 2024 Order directed Plaintiff to:

1. File proof of service of the summons and complaint or a waiver of service on CM/ECF.

2. Immediately notify counsel for Defendant Top Flight Delivery, Inc. that he/she is required to make an appearance or move for an extension of time to do so;

3. File an application for entry of default unless the required pleading or request for extension is filed within 10 days of the date of this Order; or

4. Advise the Court in writing of any good cause to the contrary.

(*Id.* at 1-2.)  The Court also stated that it would recommend dismissal for failure to prosecute if Plaintiff failed to comply with those directions within 20 days of the date of the October 28, 2024 Order.  (*Id.* at 2.)

On October 30, 2024, Plaintiff filed a Waiver of Service from Top Flight.  (Dkt. 8.)  The Waiver of Service stated that "Jim Sutcliffe" signed the waiver on June 4, 2024, making an answer or Rule 12 motion due 60 days later, on August 5, 2024.  (*Id.*)  However, as of December 30, 2024, Plaintiff had taken no action with respect to Top Flight.  The Court therefore issued a Report and Recommendation that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (Dkt. 9.)  This apparently prompted Plaintiff to first seek default judgment against Top Flight (without having sought entry of default under Rule 55(a)), and then seek entry of default by the Clerk of Court under Rule 55(a) against Top Flight, which the Clerk of Court entered on January 7, 2025.  (*See* Dkts. 10-12 (documents filed in error seeking default judgment); Dkts. 14-15 (documents seeking and entering default by the Clerk of Court).)  The Court then vacated its December 30, 2024 Report and Recommendation and ordered that: "To the extent Plaintiff seeks default judgment under Rule 55(b), Plaintiff must file a motion for default judgment that complies with Local Rule 7.1 and all other applicable Federal and Local Rules, including as to service on Top Flight Delivery, and is properly signed and dated."  (Dkt. 21.)

2

On January 24, 2025, Plaintiff filed an unsupported Motion for Default Judgment (Dkt. 22), and after a Notice of Non-Compliance was docketed (Dkt. 22),[1] filed a supporting brief and memorandum on April 14, 2025 (Dkts. 24-25). On June 11, 2025, U.S. District Judge Eric C. Tostrud denied the Motion for Default Judgment without prejudice to being refiled in compliance with D. Minn. LR 7.1 and all other applicable rules. (Dkt. 26.) The Order denying the Motion for Default Judgment identified several deficiencies with the Motion and supporting documents. (*See id.*) To date, Plaintiff has not re-filed a motion for default judgment or taken any other action to prosecute this case.

Federal Rule of Civil Procedure 41(b) states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A federal court need not wait for a motion to dismiss by a defendant; a court has the inherent power to dismiss a case sua sponte for failure to prosecute. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991); *see also Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (citations omitted) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."). Accordingly, this Court again recommends that this action be dismissed

---

[1] The Notice also stated: "Please file according to the rule and contact the appropriate chambers if further direction is needed." (Dkt. 23.)

3

without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 1, 2025

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).